UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA JAMES SHEBBY, | ) | 1:08-cv-00670-OWW-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | RE: RESPONDENT'S MOTION TO |
| v. | ) | DISMISS THE PETITION (Doc. 12) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS TO BE |
| HEDGPETH, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 14, 2008. (Doc. 1). On September 15, 2008, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1) and for lack of exhaustion. (Doc. 12). On October 22, 2008, Petitioner filed a response to the motion to dismiss, arguing the merits of the claims in his petition, but not responding to the issues raised in the motion to dismiss. (Doc. 15). On November 4, 2008, Respondent filed a reply to Petitioner's opposition, pointing out Petitioner's failure to address the concerns raised in the motion to dismiss. (Doc. 16).

1

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period and lack of exhaustion. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on May 14, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, however, Petitioner challenges the result of a January 10, 2001 prison disciplinary hearing. In such cases, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th cir. 2004)(holding that the statute of limitation does not begin to run until a petitioner's administrative appeal has been denied).

The chronology of pertinent dates is as follows. Following the finding of guilty on January 10, 2001, Petitioner submitted an inmate appeal challenging the disciplinary finding; however, that appeal was denied at the Second Level of Review on June 25, 2001. (Doc. 12, Ex. A). On August 30, 2001, the Director's Level of Review returned his appeal as incomplete. (Id.). Petitioner did not resubmit his appeal at the Director's Level until September 26, 2005, over four years later. (Id.). On December 3, 2005, the appeal was denied as untimely. (Id.).

On July 17, 2006, Petitioner filed his first state habeas petition in the Monterey County

3

Superior Court. (Ex. A.). The Superior Court, however, denied the petition as untimely. (Id.). Petitioner then raised the same claims in the California Court of Appeal, which summarily denied the petition. (Id., Ex. B). Petitioner then filed his petition in the California Supreme Court, which denied the petition on May 9, 2007, citing In re Dexter, 25 Cal.3d 921 (1979) and In re Robbins, 18 Cal.4th 770, 780 (1998). (Id., Ex. C).

Under California law, once the Director's Level of Review rejected Petitioner's appeal as incomplete, Petitioner had fifteen days in which to resubmit his appeal and complete the administrative appeal process. See Cal. Code Regs., Title 15, § 3084.6(c)(2008). Since Petitioner did not resubmit his completed appeal within that time period, the one-year limitation period of the AEDPA commenced the day following the expiration of the fifteen day grace period, or on September 15, 2001 . Under 28 U.S.C. § 2244(d)(1)(D), Petitioner would then have had 365 days, or until September 14, 2002 within which to file his federal petition. As mentioned, the instant petition was filed on May 14, 2008, almost six years after the limitation period would have expired. Thus, unless Petitioner is entitled to some form of either statutory or equitable tolling, the petition is untimely.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the one-year period commenced on September 15, 2001 and continued to run unabated until its expiration on September 14, 2002. Although Petitioner filed several state habeas petitions in 2006 and 2007 to attempt to exhaust his claims, those petitions do not entitled Petitioner to statutory tolling because the limitation period had already expired.

A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for his three state habeas petitions.  Using this chronology, the petition is untimely by over five years

Alternatively, Respondent contends that even if Petitioner's administrative appeal process did

not conclude until December 3, 2005, when Petitioner's tardily resubmitted appeal was denied at the Director's Level, the petition is still untimely. The Court agrees.

Assuming, for purposes of argument, that the one-year statute did not commence until December 4, 2005, 225 days of the one-year statute expired before Petitioner filed his first state petition on July 17, 2006, leaving Petitioner with only 140 days remaining on his limitation period. Assuming, without deciding, that all three state petitions were "properly filed" and therefore entitled to statutory tolling, and assuming further, again without deciding, that Petitioner is entitled to interval tolling between the petitions, the one-year period would have recommenced the day following the denial of his final petition in the California Supreme Court, or on May 10, 2007, and would have expired 140 days later, i.e., on September 27, 2007. As mentioned, Petitioner did not file the instant petition until May 14, 2008, over seven months after the one-year period would have expired. Thus, under either calculation, the petition is untimely and, unless applicable equitable tolling saves the petition, it should be dismissed.

### D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no claim of entitlement to equitable tolling. Rather, in his prolix opposition to Respondent's motion to dismiss, he once again argues the merits of his claims without

attempting to respond in any way to the timeliness issue. The Court has reviewed the extant record and is unaware of any basis in the record for equitable tolling. Accordingly, since the petition is untimely under any calculation of events, it should be dismissed.

### E. Failure To Exhaust State Remedies.

Respondent also contends that the petition should be dismissed because the California Supreme Court rejected Petitioner's claims on procedural grounds without addressing the merits and therefore none of Petitioner's claims are exhausted. The Court agrees.

A petitioner who is in state custody and seeks habeas corpus relief must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not

7

only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds.  Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

As discussed above, the California Supreme Court denied Petitioner's habeas petition citing Robbins and Dexter.  Dexter holds that "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies.  Dexter, 25 Cal.3d at 925.  Robbins held that state habeas petitioner that are untimely must be denied.  Robbins, 18 Cal.4th at 780.  By citing these two cases, it is patent that the California Supreme Court was indicating *both* that the petition was untimely *and* that Petitioner had not exhausted his administrative remedies.

A claim denied by the state's highest court as procedurally deficient, either explicitly or by citation of authority does not exhaust the claim.  Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974).  The Harris court explained the rule as follows:

> If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court states so explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.

Harris, 500 F.2d at 1128.  Thus, a denial of Petitioner's final state habeas petition with citations to Dexter and Robbins is a denial on procedural grounds, leaving Petitioner's state remedies unexhausted.  Accordingly, the petition is completely unexhausted.  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon v.

United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc).  Thus, the petition should be dismissed for lack of exhaustion as well as for untimeliness.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 12), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for lack of exhaustion.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 31, 2009**            **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE